[Cite as *Out of the Box Ents., L.L.C. v. Sinkewich*, 2026-Ohio-2720.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

OUT OF THE BOX ENTERPRISES,
LLC,                                            :

      Plaintiff-Appellee,             :

      v.                                        :        No. 115870

RUSS SINKEWICH, ET AL.,                 :

      Defendants-Appellants.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:**  July 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case  No. CV-24-992553

---

### *Appearances:*

McDonald Hopkins, Bryan T. Kostura, Bryan W. Evans,
and Tanjeet Dhillon, *for appellee*.

Wegman Hessler Valore, Angela M. Lavin, Jay R. Carson,
and Sharon G. Ross, *for appellants*.

ANITA LASTER MAYS, J.:

## I. INTRODUCTION

{¶ 1} Defendants-appellants Russ Sinkewich ("Sinkewich") and Ohio Hockey Project, LLC ("OHP"), together with codefendants Timothy McCarthy, Kevin McCarthy, and Lakewood Community Ice, LLC ("LCI") (collectively, "appellants"), appeal from the judgment of the Cuyahoga County Court of Common Pleas denying their combined motion for contractual attorney fees and expenses and for sanctions under R.C. 2323.51. For the reasons that follow, we affirm in part, reverse in part, and remand.

## II. FACTUAL BACKGROUND

{¶ 2} Plaintiff-appellee Out of the Box Enterprises, LLC ("OOTBE") is a Strongsville company that has operated publicly and privately owned ice rinks in Northeast Ohio for more than two decades. OOTBE alleged that, over those years, it developed confidential and proprietary information, including revenue and expense models, staffing plans, and vendor and equipment data, that derives independent economic value from not being generally known.

{¶ 3} In 2022, Sinkewich, the sole member of OHP, sought to pursue an ice-rink venture with financial backing from Timothy and Kevin McCarthy (the "McCarthys"). Lacking experience constructing or operating ice rinks, Sinkewich approached OOTBE's principal, Charles Michael Shockley, about a potential joint venture. On or about June 6, 2022, the parties executed a Confidentiality and Non-Circumvention Agreement (the "NDA").

{¶ 4} The NDA designated OHP as the "Disclosing Party" and OOTBE and its principals, Michael and Zachary Shockley, collectively as the "Recipient." The NDA contained a fee-shifting provision, which states: "In the event litigation shall be instituted to enforce any provision of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorneys fees and expenses incurred in such litigation in addition to any other recovery to which such party may be legally entitled."

{¶ 5} In March 2023, the City of Lakewood solicited bids to operate its Winterhurst Ice Arena through a two-stage process consisting of a Request for Qualifications and a Request for Proposals. LCI, a company formed by Sinkewich and the McCarthys, and OOTBE both advanced past the qualifications stage. LCI emerged as the selected operator, and the city executed a contract with LCI on June 22, 2023.

{¶ 6} On February 8, 2024, OOTBE filed suit against Sinkewich, OHP, the McCarthys, and LCI, alleging that appellants used OOTBE's confidential, trade-secret information that had been shared under the NDA, to secure the Winterhurst contract. OOTBE's complaint asserted claims for reformation of the NDA, breach of the NDA (as reformed), breach of oral contract, promissory estoppel, misappropriation under the Ohio Uniform Trade Secrets Act, tortious interference, and civil conspiracy. OOTBE alleged that, but for appellants' conduct, it would have won a contract generating in excess of $1.5 million in net income.

{¶ 7} Sinkewich and OHP obtained leave to file an amended answer and counterclaim. Their counterclaim asserted two counts: (1) a claim for declaratory judgment seeking a declaration that the NDA protected information disclosed by OHP to OOTBE and the Shockleys; and (2) a claim for damages under R.C. 2323.51, alleging that OOTBE filed its complaint with knowledge that its claims were not warranted under existing law.

{¶ 8} Following discovery, appellants moved for summary judgment on all of OOTBE's claims. On July 22, 2025, the trial court granted summary judgment in appellants' favor and dismissed OOTBE's complaint in its entirety. The court found, among other things, that the evidence did not warrant reformation of the NDA because there was no clear proof of mutual mistake; that the integrated written NDA superseded any oral agreement and foreclosed promissory estoppel; that the information at issue was readily available through other sources and did not constitute a trade secret; and that the tortious-interference and civil-conspiracy claims were preempted by the Ohio Uniform Trade Secrets Act.

{¶ 9} In the same entry, the trial court addressed appellants' counterclaim. Because it had declined to reform the NDA, the court found the declaratory-judgment count moot. The court further determined that R.C. 2323.51 does not authorize a freestanding cause of action for "frivolous conduct" and that any request for sanctions had to be raised by motion filed within 30 days of judgment under R.C. 2323.51(B)(1).

**{¶ 10}** On August 21, 2025, appellants filed a combined motion for attorney fees and expenses and for sanctions. Sinkewich and OHP sought contractual fees under the NDA's fee-shifting clause; all appellants sought sanctions under R.C. 2323.51. On October 30, 2025, the trial court denied the motion. It found that there was no "prevailing party" under the NDA because, although it had granted summary judgment to appellants on OOTBE's claims, it had not awarded appellants affirmative relief on their counterclaim, such that there was "no consequential or substantive change in the parties' legal relationship." The court separately denied the motion for sanctions without a hearing, finding the record "devoid of any instances of frivolous conduct, dilatory tactics[,] or blatantly unreasonable legal arguments."

**{¶ 11}** Appellants filed a timely notice of appeal and raise two assignments of error for our review:

> 1. The trial court improperly denied Appellants Russ Sinkewich and Ohio Hockey Projects' Motion for Attorneys' Fees and Expenses.
>
> 2. The trial court improperly denied Appellants' Motion for Sanctions pursuant to statute.

## III. LAW AND ANALYSIS

### A. The Trial Court Improperly Denied Appellants Russ Sinkewich and Ohio Hockey Projects' Motion for Attorneys' Fees and Expenses

**{¶ 12}** In their first assignment of error, Sinkewich and OHP contend that the trial court improperly denied their motion for attorney fees and expenses when it concluded that they were not the prevailing parties under the NDA's fee-shifting provision.

### 1. Standard of Review

{¶ 13} Whether a contractual fee-shifting provision authorizes an award of fees turns on the interpretation of the contract, which presents a question of law that we review de novo. *Jones v. Carpenter*, 2019-Ohio-619, ¶ 22 (10th Dist.). Although a trial court's ultimate decision to award or deny attorney fees is generally reviewed for an abuse of discretion, the antecedent determination of whether a party is the "prevailing party" is reviewed de novo. *Simbo Properties, Inc. v. M8 Realty, L.L.C.*, 2019-Ohio-4361, ¶ 36 (8th Dist.).

### 2. Analysis

{¶ 14} Ohio follows the "American rule" under which each party to litigation ordinarily bears its own attorney fees. *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 7. An exception exists where an enforceable contract specifically provides that the losing party shall pay the prevailing party's fees. *Id.*; *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 34 (1987). The NDA here contains such a provision, and OOTBE does not dispute its enforceability. The dispositive question is whether Sinkewich and OHP are "prevailing part[ies]" within the meaning of that clause.

{¶ 15} The NDA does not define "prevailing party." Where, as here, sophisticated parties agree to allocate fees to the prevailing party but do not define that term, this district applies the "main issue" standard "to aid in that determination." *Simbo* at ¶ 42, citing *EAC Properties, L.L.C. v. Brightwell*, 2014-Ohio-2078 (10th Dist.). Under that standard, the prevailing party is the party that

succeeds on the main issue in the action. *Simbo* at ¶ 40; *see also Hikmet v. Turkoglu*, 2009-Ohio-6477, ¶ 75 (10th Dist.) (a party that "successfully defended against [a suit], prevailing on the main issue," is the prevailing party).

{¶ 16} Applying that standard, we conclude that Sinkewich and OHP prevailed on the main issue. OOTBE instituted this litigation to enforce the NDA according to its proposed reformation, and every claim in OOTBE's complaint rested on the premise that appellants had misused OOTBE's confidential information shared under the NDA. The trial court granted summary judgment to appellants on each of those claims and dismissed OOTBE's complaint in its entirety. OOTBE obtained no monetary, declaratory, or equitable relief on any claim. In the language of the fee provision, the "litigation . . . instituted to enforce" the NDA resolved wholly in appellants' favor.

{¶ 17} The trial court nevertheless found no prevailing party on the theory that neither side "entirely prevail[ed]," reasoning that appellants secured no affirmative relief on their counterclaim. That reasoning is unpersuasive. The declaratory-judgment count sought a declaration that OHP was the "Disclosing Party" under the NDA, the same position appellants advanced in defending against OOTBE's reformation claim. The trial court dismissed that count as moot after determining that reformation was unwarranted.

{¶ 18} A claim dismissed as moot neither validates nor rejects the substantive position advanced by either party because mootness reflects the absence of a remaining live controversy requiring judicial resolution. *See State ex rel. Right*

*to Life Action Coalition of Ohio v. Capital Care of Toledo, LLC*, 2024-Ohio-609, ¶ 10.

{¶ 19} Once the trial court determined that the NDA would not be reformed, no justiciable controversy remained regarding the contractual interpretation advanced in the declaratory-judgment count. The disposition of the R.C. 2323.51 count does not alter the analysis. The trial court dismissed that count not on its merits, but because it concluded that R.C. 2323.51 does not authorize a freestanding cause of action and that such relief must be sought by motion. That ruling concerned the proper procedural vehicle for seeking sanctions; it did not confer prevailing-party status on OOTBE.

{¶ 20} Thus, the dismissal of the declaratory-judgment claim did not constitute a merits determination in OOTBE's favor. To the contrary, the claim became moot because the trial court accepted the contractual interpretation advanced by appellants and rejected OOTBE's reformation theory. Under these circumstances, the mootness ruling cannot reasonably be characterized as a litigation success for OOTBE.

{¶ 21} The trial court's reliance on the "substantive change in the parties' legal relationship" standard, drawn from *Jones v. Carpenter*, 2019-Ohio-619 (10th Dist.), was also misplaced on these facts. As this court explained in *Simbo*, that broader, "some relief" conception of prevailing-party status is generally applied in statutory fee contexts, where public policy supports it; "no similar need exists in negotiated commercial fee shifting between sophisticated parties." *Simbo,* 2019-

Ohio-4361, at ¶ 44 (8th Dist.). Moreover, *Jones* is factually distinct. There, both parties pursued breach-of-contract claims and each prevailed in part and lost in part at trial, making it reasonable to find no single prevailing party. *Jones* at ¶ 25-26. Here, by contrast, OOTBE's entire case was dismissed and OOTBE prevailed on nothing.

{¶ 22} Finally, *State ex rel. Reyna v. Natalucci-Persichetti*, 83 Ohio St.3d 194 (1998), does not compel a different result. While *Reyna* recognizes that denying costs to both parties may be appropriate "when neither party entirely prevails," *id*. at 198, the premise of that rule is absent here. Sinkewich and OHP did entirely prevail in the litigation instituted to enforce the NDA: they defeated every claim OOTBE asserted, and the counterclaim dispositions on which the trial court relied were not substantive losses.

{¶ 23} Accordingly, under the "main issue" standard governing this negotiated commercial fee-shifting provision, Sinkewich and OHP are the prevailing parties within the meaning of the NDA. Our holding is limited to appellants' entitlement to fees under the NDA. The amount of any recoverable fees and expenses remains for the trial court to determine on remand. We further note that the contractual right to fees runs only to the NDA's signatories: OOTBE, the Shockleys, OHP, and Sinkewich. The right does not extend to the McCarthys or LCI, who are not parties to the agreement.

{¶ 24} The first assignment of error is sustained.

## B. The Trial Court Improperly Denied Appellants' Motion for Sanctions Pursuant to Statute

{¶ 25} In their second assignment of error, appellants contend that the trial court improperly denied their motion for sanctions. More specifically, the appellants contend that the trial court erred by denying their R.C. 2323.51 motion for sanctions without first conducting a hearing.

### 1. Standard of Review

{¶ 26} Whether to impose sanctions under R.C. 2323.51 presents a mixed question of law and fact. *Woodrow v. Krukowski*, 2023-Ohio-378, ¶ 16 (8th Dist.). We review purely legal questions, such as whether a claim is warranted under existing law, de novo, but we accord deference to the trial court's factual determinations. *Id.* at ¶ 15. A trial court's decision to deny a sanctions motion without a hearing is reviewed for an abuse of discretion. *Woodrow* at ¶ 18. A trial court need not hold a hearing before denying a motion for sanctions under Civ.R. 11 or R.C. 2323.51 "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 2017-Ohio-1055, ¶ 18 (8th Dist.).

### 2. Law and Analysis

{¶ 27} R.C. 2323.51 permits an award of attorney fees as a sanction for "frivolous conduct." This district applies an objective test to frivolous-conduct claims under R.C. 2323.51(A)(2)(a)(ii). *Grimes v. Oviatt*, 2019-Ohio-1365, ¶ 30 (8th Dist.). A claim is frivolous if clearly under the existing law no reasonable lawyer

could argue the claim. *Id.* The mere fact that a claim is unsuccessful does not automatically render it frivolous. *Id.* at ¶ 37.

{¶ 28} Appellants argue that OOTBE's claims were frivolous because the trial court ultimately determined that OOTBE could not establish the elements necessary to prevail on its claims. The failure of a claim, however, does not itself establish frivolous conduct. *Grimes* at ¶ 37. The relevant inquiry is whether, viewed objectively, it was absolutely clear under existing law that no reasonable attorney could have advanced the claims. *Id.* at ¶ 30.

{¶ 29} The record does not support that conclusion. OOTBE possessed evidence from which counsel could reasonably argue that the parties intended the confidentiality agreement to protect information disclosed by OOTBE notwithstanding the language ultimately used in the written agreement. OOTBE relied on evidence that it had disclosed operational, financial, and business information during the parties' discussions regarding potential ice-rink ventures and that similar categories of information later appeared in materials associated with the Winterhurst bidding process. OOTBE further relied on evidence supporting its contention that the written NDA did not accurately reflect the parties' intended relationship. Although the trial court ultimately found that evidence insufficient to support reformation or the remaining claims, its existence demonstrates that the claims were not wholly devoid of factual support.

{¶ 30} Nor does the trial court's determination that several claims were barred by legal doctrines such as contractual integration or statutory preemption

transform the litigation into frivolous conduct. Reasonable lawyers may disagree regarding the viability of legal theories that are ultimately rejected. *Marconi v. Savage*, 2016-Ohio-289, ¶ 25 (8th Dist.). Parties frequently advance competing interpretations of contracts, challenge the applicability of legal defenses, and litigate unsettled questions concerning the scope of statutory remedies. *See id.* at ¶ 30. The fact that appellants' legal position ultimately prevailed does not mean that OOTBE's contrary position was one that no reasonable attorney could have asserted.

{¶ 31} Here, OOTBE pursued its claims through discovery and supported them with deposition testimony and documentary evidence. At best, the record demonstrates that OOTBE failed to produce sufficient evidence to withstand summary judgment. That is not the standard established by R.C. 2323.51. Because the record demonstrates that OOTBE's claims possessed at least an arguable factual and legal basis, the trial court reasonably concluded that appellants failed to establish frivolous conduct within the meaning of R.C. 2323.51.

{¶ 32} With respect to hearings, a trial court is not required to hold a hearing every time it denies a motion for attorney fees and costs under R.C. 2323.51. *Woodrow*, 2023-Ohio-378, at ¶ 18 (8th Dist.); see *Middle W. Spirits, L.L.C. v. Gemini Vodka, Ltd.*, 2021-Ohio-1503, ¶ 16 (10th Dist.) ("[W]here a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing."). A hearing becomes necessary only where an arguable basis for sanctions exists; an "arbitrary" denial, one that occurs "when the record clearly evidences frivolous conduct, but the trial

court nonetheless denies a motion for attorney fees without holding a hearing," is an abuse of discretion. *Woodrow* at ¶ 18; *Sworak v. Great Lakes Recreational Vehicle Assn.*, 2021-Ohio-4309, ¶ 12 (8th Dist.).

{¶ 33} Appellants argue that the record here clearly evidenced frivolous conduct because OOTBE continued to litigate after the affidavit and deposition testimony of City of Lakewood official David Baas established that the Winterhurst award did not turn on the financial information OOTBE claimed had been misappropriated. They analogize this case to *Keith-Harper v. Lake Hosp. Systems, Inc.*, 2017-Ohio-7361 (11th Dist.), and *Russell v. Ryan*, 2021-Ohio-2505 (10th Dist.), in which appellate courts found that hearings were warranted.

{¶ 34} We are not persuaded that the trial court abused its discretion. The Baas testimony bore on one factual theory underlying a subset of OOTBE's claims; it did not establish that the action as a whole was one that "no reasonable lawyer" could have advanced. OOTBE's complaint also presented genuinely contested legal questions: whether the NDA should be reformed for mutual mistake, whether the information at issue qualified as a trade secret, and whether certain tort claims were preempted. Although the trial court ultimately concluded that OOTBE failed to produce sufficient evidence to survive summary judgment, the record demonstrates that OOTBE possessed evidence supporting its theories of contract reformation, confidentiality obligations, and misuse of proprietary information. The failure of those claims on summary judgment does not establish that no reasonable attorney could have advanced them. *Grimes* at ¶ 37. Even if the trial court ultimately

determined that the evidence was insufficient as a matter of law, the existence of evidence supporting those theories distinguishes this case from those involving claims that are entirely unsupported by fact or law.

{¶ 35} The authorities appellants cite are distinguishable. In *Keith-Harper*, the court found frivolous conduct only after conducting a hearing and identifying a complete absence of evidentiary support for each element of the plaintiff's claims. *Keith-Harper* at ¶ 18-20. In *Russell*, the movant had demonstrated an arguable basis for sanctions sufficient to require a hearing.

{¶ 36} Here, by contrast, the trial court reviewed the full record, both on summary judgment and on the combined motion, and expressly found that the record did not reflect frivolous conduct, dilatory tactics, or objectively unreasonable legal arguments. We defer to the trial court's factual determinations. *Woodrow* at ¶ 15. On this record, we find no basis to disturb the trial court's determination that appellants failed to establish frivolous conduct.

{¶ 37} Because the record did not clearly demonstrate frivolous conduct, the trial court was not required to hold a hearing before denying the motion, and its decision to do so was not arbitrary. *Woodrow,* 2023-Ohio-378, at ¶ 18 (8th Dist.); *Middle W. Spirits,* 2021-Ohio-1503, ¶ 16 (10th Dist.). Accordingly, the trial court did not abuse its discretion.

{¶ 38} The second assignment of error is overruled.

## III. Conclusion

{¶ 39} The judgment of the trial court is affirmed in part and reversed in part. We reverse the denial of contractual attorney fees and expenses to Sinkewich and OHP and remand for the trial court to determine the reasonable fees and expenses to which those appellants are entitled under the NDA. In all other respects, the judgment is affirmed.

{¶ 40} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, A.J., and
DEENA R. CALABRESE, J., CONCUR